Tommie L. BARTLETT, et al.,
Plaintiffs–Appellants,

v.

ARTHUR ANDERSEN LLP, et al., Defendants–Appellees.

No. 01–17327.

D.C. No. CV–00–852–PHX–SMM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2002.

Decided Jan. 24, 2003.

* The Honorable David Alan Ezra, Chief United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

Before BRUNETTI and TASHIMA, Circuit Judges, and EZRA,* District Judge.

MEMORANDUM **

I.  BACKGROUND

Plaintiffs allege that Baptist Foundation of Arizona, Inc. ("BFA") and its affiliates sold millions of dollars worth of promissory notes to buyers, primarily Southern Baptists, who were promised a "tremendous opportunity to be found faithful." Plaintiffs allegedly invested over $3 million in BFA offerings.  Although the investments were marketed as highly secure and profitable, in reality, it was an extremely speculative and high-risk "Ponzi" scheme.

Plaintiffs assert their claims against four groups of Defendants: (1) presumed officers and directors of BFA and its affiliated companies;  (2) salespeople who solicited the investments;  (3) BFA's accountants, Arthur Andersen;  and (4) BFA's law firm, Jennings, Strouss & Salmon.  Plaintiffs allege the following counts in their First Amended Complaint ("FAC"):

1.  Violations of Section 10(b) of the Exchange Act and Rule 10b–5(a), (b), and (c) (against BFA Defendants [1]);

1.  The BFA Defendants include:  the Grabinskis, the Deardoffs, Norwood, the Kuhns, the Hunsingers, the Friends, the Hoovers, Bass, Agee, Taylor, McKown, Gillespie, Cravens, Posey, Burdick, Wilson, Smith, Gibson, Glen Crotts, William Crotts, Sloan, and ASBC.

2. Violations of Section 12(1) of the Securities Act (against BFA Defendants);

3. Violations of Section 12(2) of the Securities Act (against BFA Defendants);

4. Breach of Trust/Fiduciary Duty by Actual and Constructive Fraud under Arizona Law (against all Defendants);

5. Registration Violations (against BFA Defendants);

6. Predicate Registration Violations under Arizona Law (against Arthur Andersen);

7. Statutory Securities Fraud under Arizona Law (against all Defendants);

8. Statutory Consumer Fraud under Arizona Law (against all Defendants);

9. Negligence and Negligent Misrepresentation, including Gross Recklessness (against all Defendants);

10. Investment Management Act Violations (against BFA Defendants);

11. Attorneys Fees under the Tort of Another Doctrine (against all Defendants).

Defendants filed motions to dismiss. Plaintiffs opposed these motions, and each time requested leave to file a second amended complaint. However, Plaintiffs did not lodge a proposed second amended complaint with the court.

The district court dismissed the federal claims in the FAC, concluding that they were inadequate, and that amendment would be futile. The district court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims, and denied Plaintiffs leave to amend. Plaintiffs timely filed their Appeal.

On November 6 and 7, 2002, Defendants Arthur Andersen and Jennings Strouss, respectively, filed motions to dismiss the appeal.

## II. DISCUSSION

### A. Motions to Dismiss Appeal

Defendants Arthur Andersen and Jennings Strouss filed motions to dismiss the appeal based upon their belief that settlements that occurred at the state court level rendered the appeal moot as it applied to them. However, as of the date of the oral argument, the settlements were not final, and Defendants' counsel conceded that she was overly optimistic in believing that the settlements would be final by that time. Accordingly, we DENY Defendants Arthur Andersen and Jennings Strouss's motions to dismiss the appeal.

### B. Federal Claims

The trial court dismissed the federal claims Plaintiffs assert in their FAC. For the reasons set forth below, we AFFIRM the trial court's decision.

#### 1. Counts 1 and 3

Counts 1 and 3 of the FAC are fraud counts, which require Plaintiffs to state "with particularity" the circumstances constituting fraud, pursuant to the Federal Rules of Civil Procedure Rule 9(b). Fed. R.Civ.P. 9(b) (2002); *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1404 (9th Cir.1996). Plaintiffs fail to provide dates or times that Defendants allegedly made false statements or omitted material facts. Moreover, Plaintiffs fail to adequately explain why the alleged statements or omissions were false or misleading when made. Thus, we hold that Plaintiffs fail to adequately state "with particularity" the circumstances constituting Defendants' allegedly fraudulent conduct.

#### 2. Count 2

In Count 2, Plaintiffs allege a violation of Section 12*l* (a)(1) of the Securities Act of 1933, 15 U.S.C. § 77*l* (a)(1). An element

to a prima facie case of a Section 12*l* (a)(1) violation is "the sale or offer to sell securities." *Swenson v. Engelstad,* 626 F.2d 421, 424–25 (5ᵗʰ Cir.1980). In their FAC, however, Plaintiffs did not allege that the salesperson-Defendants sold or offered to sell securities to them. At most, Plaintiffs allege that these defendants "were involved in the sales of the investments to Plaintiffs." Moreover, Plaintiffs fail to allege which Defendant allegedly sold which investments to which Plaintiff. Accordingly, the district court properly dismissed this count of the FAC.

### C. State Claims

The district court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims (Counts 4–11) because it determined Plaintiffs' federal claims to be inadequate and amendment to be futile. Although 28 U.S.C. § 1334(b) confers original jurisdiction on district courts "of all civil proceedings arising under title 11, or arising in or related to cases under title 11," 28 U.S.C. § 1334(c) permits a district court to abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334 (2002). The district court in this case specifically recognized that the state claims are the "driving force" in Plaintiffs' FAC, and deferred hearing Plaintiffs' claims "for the reasons of efficiency and judicial economy, to prevent depletion of the parties' resources, and due to the potential for duplicative lawsuits and/or inconsistent interpretation of state law." The district court's decision to abstain is not reviewable by appeal. 28 U.S.C. § 1334(d) (2002). We therefore DISMISS this portion of Plaintiffs' appeal without reaching the merits.

### D. Leave to Amend

Leave to amend should not be granted if amendment would be futile or if, at the time they filed the FAC, Plaintiffs knew the facts, or had access to the facts that they suggest are the basis for an amendment. *Kaplan v. Rose,* 49 F.3d 1363, 1370 (9ᵗʰ Cir.1994). Upon review of the record, we conclude that the district court did not abuse its discretion in denying Plaintiffs leave to amend the federal claims asserted in the FAC. Plaintiffs offered to amend the federal claims based upon facts that were discoverable prior to Plaintiffs' filing of their FAC on August 7, 2000.

Additionally, we conclude that the district court correctly denied Plaintiffs leave to amend the state claims asserted in the FAC. Because the district court correctly dismissed Plaintiffs' federal claims, it did not abuse its discretion in declining to retain jurisdiction over Plaintiffs' state law claims. In that circumstance, it would have been futile for Plaintiffs to bolster their state law claims, even if bolstered by amendment. Accordingly, we AFFIRM the district court's decision to deny Plaintiffs leave to amend the FAC.

### E. Constitutionality of PSLRA

In their Appeal, Plaintiffs question the constitutionality of the Private Securities Litigation Reform Act ("PSLRA"). We decline to address this issue as Plaintiffs did not raise it with the district court. *See Westlands Water Dist. v. Firebaugh Canal,* 10 F.3d 667, 673 (9ᵗʰ Cir.1993) ("Issues not raised in the district court generally cannot be asserted on appeal."). Moreover, Plaintiffs acknowledge that this issue is a hypothetical one, which also prevents us from examining it. *See Nat'l Audobon Soc'y v. Dept. of Water,* 869 F.2d 1196, 1205 (9ᵗʰ Cir.1988) (holding that courts do not "decide legal questions based on contingencies, speculation or potential conflicts").

AFFIRMED in part and DISMISSED in part.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.